# SUPERIOR COURT

Bradford Campbell
vs.                            No.53582J.T.W.
Middlesex Mutual
Fire Insurance Co.

### RESCRIPT

December 26, 1924

BARROWS, J. Action of assumpsit. Heard jury trial waived.

The second amended declaration is in a single count as were the two prior declarations. It avers the making of a contract of fire insurance under a standard policy, fire loss, submission to appraisers and an award by them. It avers that a proof of loss has been furnished, performance of all other conditions precedent made, and non-payment of the amount due by the defendant.

Defendant pleaded the general issue and a plea that it tendered and paid into court $1100.09 for the purpose of carrying out the award.

This case is one of a group of ten against insurance companies among which the fire loss was to be apportioned. In referring to figures of the award and proof of loss, we shall use the totals against all companies combined.

The facts are undisputed. The question is whether defendant is liable for interest from the date of the writ, May 11, 1922, to the date of the payment of the amount of the award into court, November 8, 1924. The award was $11,881. Plaintiff on March 10, 1922, filed a proof of loss for fire occurring on December 10, 1921. This proof claimed a loss of $18,778. Prior to the filing thereof, the matter of loss had been submitted to appraisers on December 15 and their award made December 30, 1921. The proof, as filed, was acknowledged March 17, 1922, but alleged to be unsatisfactory because not conforming to the amount of the figures in the award. On March 15th plaintiff had

demanded a second appraisal. Plaintiff brought suit on May 11, 1922, for the amount which he alleged to be his loss and averred the invalidity of the award in his declaration. This suit he followed by a bill in equity in aid of his legal action, in which bill he sought to set aside the award.

After lengthy litigation the bill in equity was dismissed and the award confirmed late in 1923. Meanwhile the action at law had slumbered. On July 14, 1924, a demurrer to the original declaration was sustained. On September 22, 1924, a demurrer to the first amended declaration was sustained. On September 26, 1924, a second amended declaration was filed, and on October 15, 1924, a demurrer thereto was overruled. November 8, 1924, the plea of tender and payment above referred to was made. It is on these latter pleadings that the case is now heard. Ever since defendant's letter of March 17, 1922, acknowledging the receipt of the proof for $18,-778 and referring to its incorrectness by reason of the amount of the award, defendant has claimed that plaintiff has filed no satisfactory proof of loss as required by law as a condition precedent to the right to maintain the suit. Plaintiff claims not only that his proof of loss is sufficient but that in addition to the amount of award he is entitled to interest from the date of the writ to the date of defendant's payment of $1100.09. Defendant's claim is that the tender expressly states that it was for the purpose of carrying out the award and that plaintiff's refusal to furnish satisfactory proof and accept the money is the sole reason for the delay.

When the second amended declaration was filed, it stated the cause of action as of the date of the writ, May 11, 1922.

Chobanian vs. Washburn Wire Co., 33 R. I. 306.

The cause of action originally stated was for breach of the insurance contract to recompense plaintiff for fire loss. Amendment did not change the original cause of action. It seems incorrect to claim that the action as it now stands is for failure to pay the award. The award if sustained merely fixed the measure of plaintiff's damage. Plaintiff originally claimed, and doubtless would continue to claim, that his original proof correctly stated his loss. Proof of loss, however, is only a method of notifying defendant that plaintiff has suffered fire loss. It is not binding as to amount on either party.

7 Cooley, Insurance Briefs, Secs. 3435-3436, 3435b; 3437-3440, 3438 c.

The award in this case, after the decision of the Supreme Court, has conclusively settled the correct amount of the fire loss. It has not otherwise affected the filing of proof. The fact that the insurance company makes a practice of requiring a new proof to conform to the figures of the award does not convince us of the legal right to insist on a new proof. It may be convenient for filing purposes but the company can not need it where the award has been confirmed by the court's decision.

We find, therefore, that the proof of loss as filed is sufficient to entitle plaintiff to maintain his action.

The question remains as to the effect of the payment into court and the plea of tender. A tender must be unconditional.

Hunt on Tender, Sec. 502.

It conclusively settles all questions except the amount due.

Shepard vs. Springfield Fire Ins. Co., 41 R. I. 403 at 412 and 413.

In the present case some stress is laid on the form of the tender as a "settlement of the award." This does not seem to us anything more than argument that the tender was conditional, in other words, no tender at all. The facts do not warrant such a view. If it were not a tender, it could amount only to an offer of full

settlement and when received by plaintiff operate as such. The stipulation, the plea and the receipt of the money by plaintiff, however, all indicate that this was the usual statutory tender to relieve defendant of further costs. Had there been no tender, plaintiff would clearly be entitled to interest on the amount due from the date of the writ. This obligation can not be escaped by making a tender long thereafter to become retroactive as of the date of the writ. There was nothing to prevent defendant at the very outset of the case from making the tender it has recently made and paying the money into the court. Perhaps it would not have been good legal tactics to do so where' the amount had been questioned, but that does not vacate the usual rules relating to interest in actions of assumpsit.

We therefore find for plaintiff in the sum of $1265.09, which is composed of $1100.09, the amount of the award, and $165 interest at 6 per cent. from May 11, 1922, to November 8, 1924. As, however, the papers show that plaintiff has received from the clerk $1100.09 of this amount, we find the balance due plaintiff is $165.

For Plaintiff: William J. Brown and Fitzgerald & Higgins.

For Defendant: Felix Hebert.